IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NARICCO T. SCOTT, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil No. 15-0140-CV-W-FJG |
| ) | Crim. No. 10-00162-06-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on February 23, 2015).

On June 6, 2011, movant was charged in a multi-defendant indictment with conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine and 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Doc. No. 380). The Government also submitted an information (Doc. No. 348) under 21 U.S.C. § 851, alleging that movant had previously been convicted of three felony drug violations, which increased the statutory range of punishment to the enhanced range of life imprisonment.

On February 7, 2012, movant pled guilty to Count One, pursuant to a plea agreement with the Government (Doc. No. 621, 645). As part of the plea agreement, the Government agreed to apply the statutory enhanced punishment based on only one of movant's prior drug felony convictions, making the statutory range 20 years to life imprisonment under 21 U.S.C. § 841(b)(1)(A).

On December 20, 2012, movant appeared before the district court for and was sentenced to 240 months imprisonment on Count One, which was a 52-month variance below the low end of the advisory Guidelines range. Movant appealed, that the Court erred in not holding an evidentiary hearing regarding the government's

decision not to file a substantial assistance motion, and that the statutory minimum sentence was unconstitutional. The Eighth Circuit affirmed the District Court. United States v. Scott, 541 Fed. Appx. 720, 721-22 (8th Cir. 2013). Movant filed a petition seeking writ of certiorari in the United States Supreme Court, which was denied. Scott United States, 134 S.Ct. 1332 (2014).

Movant asserts two grounds for relief: (1) ineffective assistance of counsel for not arguing that movant was entitled to a lesser sentence based on movant's alleged cooperation; and (2) his sentence violates the Eighth Amendment, in that he is less culpable than a typical offender.

## STANDARD

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), respondent's opposition (Doc. No. 5), and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In

2

particular, movant's counsel cannot be found ineffective for failure to move for a lesser sentence due to movant's alleged cooperation when there is no mechanism or legal authority for counsel to have sought a sentence below the statutory minimum. Furthermore, with respect to the Eighth Amendment claim, to the extent that movant is attempting to re-argue issues raised on appeal, his claim must be denied. And, as by the Government in its response (Doc. No. 5, p. 10), movant's claim that he is less culpable than a typical drug offender is belied by the record.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed February 23, 2015, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: <u>July 29, 2015</u>　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge